IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VIRTEK VISION INTERNATIONAL ULC,**

*Plaintiff*,

v.

**LAP LASER, LLC,**

*Defendant*.

Case No. 2:20-cv-2287

Judge Edmund A. Sargus, Jr.

Magistrate Judge Kimberly A. Jolson

## STIPULATION AND ORDER
## FOR STAY PENDING *INTER PARTES* REVIEW

This stipulation came before the Court and is accepted as a motion. The Court **GRANTS** the motion. This Court **STAYS** and **ADMINISTRATIVELY CLOSES** this case. The parties are **DIRECTED** to inform the Court when they would like to restore this case to active status on the Court's docket and the Court will immediately do so.

WHEREAS, Plaintiff Virtek Vision International ULC ("Virtek") alleges that Defendant LAP Laser, LLC ("LAP") infringes various claims of U.S. Patent Nos. 10,052,734 (the "'734 Patent") and 10,799,998 (the "'998 Patent").

WHEREAS, on October 14, 2020, non-party Assembly Guidance Systems, Inc. dba Aligned Vision, filed an *inter partes* Review petition with the U.S. Patent and Trial Appeal Board ("the PTAB") having case number IPR2021-00062 (the "IPR"), alleging that the claims of the '734 Patent are invalid;

WHEREAS, this case is in the early stages of discovery and the parties anticipate expending significant resources on this litigation including discovery, claim construction, and potentially trial, during the pendency of the IPR;

1

WHEREAS, the parties have conferred and have agreed a stay of the proceedings in this case during the pendency of the IPR would serve the interest of justice and judicial economy;

WHEREAS, LAP has agreed to be estopped from citing or relying upon the prior art cited in the IPR, namely the U.S. Patent No. 8,040,525, PCT Publication No. WO2012/033892, and U.S. Patent Publication No. 2014/0160115A1, provided however that U.S. Patent Publication No. 2013/0250094A1 can still be cited or used by LAP in this litigation;

WHEREAS, during the stay, LAP has agreed to provide Virtek with monthly reports regarding any bookings for the DTEC-PRO involving LAP, such as signed purchase orders or contractual agreements to sell or use the DTEC-PRO, subject to the governing Protective Order (Dkt. No. 21), that are sufficient to show the number of DTEC-PRO units booked, the price for each unit, and the customer;

WHEREAS, the parties agree that resolution of the pending IPR will streamline this litigation. For example, the IPR could simplify claim construction issues or the IPR could result in some or all of the claims of the '734 Patent being found invalid;

WHEREAS, a stay would, therefore, result in substantial savings for the parties and would conserve judicial resources;

WHEREAS, the parties agree that neither party will suffer any prejudice by the issuance of a stay.

IT IS HEREBY STIPULATED, AGREED AND ORDERED, as follows:

(1)     This Court vacates all deadlines in the above-captioned matter and enters a stay of all proceedings in this matter pending the final non-appealable institution decision on the IPR. Within thirty-days of the PTAB's institution decision, the Parties shall submit a joint status report to the Court. To the extent that the PTAB institutes the IPR, the parties shall submit an additional

joint status report to the Court within thirty days of issuance of the PTAB's final decision on the IPRs.

(2) LAP shall not cite, rely on, or use prior art cited in the IPR petition grounds in this matter except U.S. Patent Publication No. 2013/0250094. Specifically, LAP is estopped from citing, relying on, or using U.S. Patent No. 8,040,525, WO2012/033892, and U.S. Patent Publication No. US2014/0160115A1 in this matter.

(3) During the period of the stay, LAP shall provide Virtek monthly reports sufficient to show bookings involving LAP, *e.g.* any signed purchase orders or other contractual agreements to sell or use the DTEC-PRO involving LAP. The monthly reports shall include the number of DTEC-PRO units booked, the price for each unit, and the customer. The monthly reports will be subject to the governing Protective Order (Dkt. No 21). To the extent the disclosures are marked as 'HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY' under the Protective Order (Dkt. No 21), parties authorized to view those reports will not share the reports or the information in the reports to Virtek without first seeking de-designation of the reports pursuant to the Protective Order.

**IT IS SO ORDERED.**


Dated: 1/20/2021                                s/Edmund A. Sargus, Jr.
                                                                                           Hon. Edmund A. Sargus, Jr.
                                                                                           United States District Judge

**IT IS SO STIPULATED:**

/s/ Denis J. Sullivan (with permission)
Fred Michael Speed
**STANDLEY LAW GROUP, LLC**
6300 Riverside Drive
Dublin, OH 43017
Tel: (614)792-5555
mspeed@standleyllp.com

Denis J. Sullivan (*pro hac vice*)
**BARCLAY DAMON LLP**
Barclay Damon Tower
125 East Jefferson St.
Syracuse, NY 13202
Tel: (315)-425-2868
dsullivan@barclaydamon.com

*Counsel for Defendant/Counterclaim Plaintiff LAP Laser, LCC*

/s/ Jacob D. Koering
Amy M. Johnston
Gregory D. DeGrazia (*pro hac vice*)
**MILLER, CANFIELD,**
  **PADDOCK AND STONE, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, MI 48226
Tel: (313) 496-8479
johnston@millercanfield.com
degrazia@millercanfield.com

Jacob D. Koering (*pro hac vice*)
**MILLER, CANFIELD,**
  **PADDOCK AND STONE, P.L.C.**
225 West Washington Street, Suite 2600
Chicago, Illinois 60606
Tel: (313) 460-4272
koering@millercanfield.com

*Counsel for Plaintiff/Counterclaim Defendant Virtek Vision International ULC*